IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Nowak Pipe Reaming, Inc.,                                      Case No. 3:06CV2217

           Plaintiff

   v.                                                                        ORDER

Gleason Construction Company, Inc.,

           Defendant

This is a patent infringement case in which the parties have filed counter-motions for summary judgment. For the reasons that follow, I grant the plaintiff Nowak Pipe Reaming, Inc.'s [Nowak] motion [Doc. 31] in part and deny its motion in part. I deny the defendant Gleason Construction Company's [Gleason] motion. [Doc. 34].

**Background**

Nowak is the holder of the '188 patent for a method of replacing underground pipe with larger pipe without having to dig a trench. Nowak does this work by gaining access to the pipe to be replaced from above, inserting a drill that can be moved to the junction between the pipe being replaced and new pipe that is already in place. The drill has a bit that attaches to the new pipe, and, as well, a revolving reamer that grinds the old pipe.

The operator works the drill stem backwards, so that the reamer grinds the old pipe and enough of the surrounding material to make room for the new, larger diameter pipe. As the drill

moves backwards grinding the old pipe and making way for the new pipe, the new pipe simultaneously moves into place. In the meantime, the debris resulting from destruction of the old pipe and increasing the diameter of bore is flushed backwards along the channel of the old pipe and then removed.

Sometime during 2003 and 2004 Gleason worked on two pipe replacement projects, replacing smaller pipe with pipe of larger diameters. The gravamen of Nowak's complaint is that Gleason used the patented Nowak method on those two projects. Nowak asserts Gleason is liable for literal infringement, or, in the alternative, under the doctrine of equivalents.

Nowak also claims Gleason's infringement was willful, thus entitling Nowak to treble damages. Nowak asserts that it notified Gleason about its patents in mailings in 1999 and 2000. Nowak also alleges that after the second mailing one of its representatives spoke with a Gleason employee, though that individual no longer works for Gleason. Gleason claims it was not aware of Nowak's patent until it filed this suit.

In response to Nowak's claim of infringement, Gleason states that its method of replacing old pipe with new pipe differed in three material respects from limitations in the Nowak's patented process. Gleason points to three statements in Nowak's patent. These are that: 1) the material removed is "the existing pipe and ground surrounding the existing pipe comprising a solid matter," [which "solid matter," according to Gleason, is the existing pipe and surrounding ground] [Claim 1, ¶ 1]; 2) the reamer functions by "grinding and pulverizing" the existing pipe [Claim 1, Element D]; and 3) the reamer also "caus[es] a portion of the solid matter . . . to be ground into a pulverized debris." [Claim 1, Element F].

2

Gleason does not challenge the validity of Nowak's patent or other aspects of its claims and contentions.

## Discussion

### 1. Literal Infringement

To prevail on a claim of literal infringement, Nowak must prove that Gleason's process meets literally every limitation in the patent's claim. *E.g., Biovail Corp. Int'l v. Andrex Pharmaceuticals, Inc.*, 239 F.3d 1297, 1302 (Fed. Cir. 2001).

Though directed at three limitations in the Nowak patent, Gleason's challenges to Nowak's claim of literal infringement are bottomed on its contention that its process did not "grind and pulverize" the existing pipe and surrounding "solid matter."

Gleason admits that it broke up the existing pipe and widened the diameter of the bore to make room for the replacement pipe. Gleason does not claim that its method or removing the resulting debris differs from how Nowak removes the debris its method creates – namely, by flushing it out the channel of the old pipe and then withdrawing it from the bore.

Its process cannot be found literally to infringe Gleason asserts, because Nowak has not shown that Gleason, as required by the limitations it cites, either ground the pipe and surrounding material or pulverized anything. Pointing to the dictionary definition of "pulverize," Gleason argues that Nowak has not shown that Gleason turns the pipe and other material into a powder, as required by the cited definition.[1]

---

[1] Gleason cites Webster's Unabridged Dictionary, 2d ed., 2001, which defines "pulverize" as "to reduce to dust or powder, as by pounding or grinding."

In response, Nowak contends that "pulverize," as used in the '188 patent, does not have such a technical and limited meaning. What its process does, and what Gleason does as well, according to Nowak [and is manifest in the record], is to break the material finely enough that it can be flushed down the channel for removal.

Gleason also claims that Nowak has not shown that its process involved grinding the pipe and surrounding material. In making this assertion, Gleason ignores its undisputed use of a reamer, and fails to suggest that that attachment serves any function other than grinding of the pipe and other material in the way of the incoming pipe. The old pipe and adjacent material has to be rendered fine enough to be flushed down the channel. Gleason's bit is not a sledgehammer or drill: it is, rather, a rotating, backwards moving appurtenance than can mechanically do nothing else useful than grind up the pipe and other material in its way.

I agree that Nowak has shown that Gleason renders the pipe and surrounding material the same way that Nowak does. Which makes sense, as the method employed by both Nowak and Gleason necessarily has to make it possible to flush out the resulting debris.

Certain statements by Gleason or its representatives support this conclusion. Materials relating to one of the projects at issue stated that Gleason would use a "drill to pulverize the exiting pipe and pull in new pipe." In addition, responding to an assertion of infringement by Gleason by a holder of a patent for a different pipe replacement process, Gleason's attorney refuted that assertion by describing how Gleason performed the work:

> In these jobs a reemer [sic] was used which grinds the pipe that is to be replaced to remove the existing pipe. The reemer [sic] is pulled through the existing pipe and washing fluid is introduced into the reemer [sic] to wash the ground up existing pipe from the underground location. The washing fluid carries the ground up pipe to the end of the tunnel to which the reemer [sic] is pulled.

4

Gleason tries to run away from these prior statements of how it did its work on the two projects giving rise to this suit. Although its owner, when deposed, answered affirmatively when asked, as part of a multi-part question summarizing his operation, if his process pulverized the pipe, other responses referred to breaking the up into pieces. Gleason points to this testimony as proof that its method differed from the patented method because the broken pieces, presumably, weren't "pulverized."

In doing so, Gleason ignores not just how it described its method to third parties, but the fact that the pieces had to be broken into small enough particles to be flushed away for ultimate removal. Both methods necessarily render the material fine enough for flushing. To "pulverize" or "pulverizing," as the limitations use those terms, does not require Gleason to have created something as fine as grains of sand to be found to have literally infringed the patented method. That's not what the patent, when all its limitations are read in concert, describes, and it's not what Nowak has to show to prove literal infringement of its patented process.

Gleason also claims that Nowak hasn't shown that it grinds the surrounding material – described in the patents as "solid material," as specified in the '188 patent.

Here, again, Gleason asks me to close my eyes to the evidence and its indisputable implications. The surrounding material – which is *terra firma* of some sort – has to go somewhere if the new pipe is to fit. The only way this "solid matter" can get where it has to go – into the channel of the old pipe to be flushed away – is if the reamer, which indisputably is breaking up the old pipe by grinding it, draws it out. Grinding is what the reamer does, whether it's breaking up the pipe or making a wider bore through the subsurface.

5

Examination and comparison of the limitations of the '188 patent and the method Gleason employed show literal congruence between what it does and how it does it – *i.e.,* grinding of pipe and surrounding material finely enough that it can be flushed away to make room for the new pipe.

### 2. Doctrine of Equivalents

A patent holder can show infringement under the doctrine of equivalents by showing that either: 1) insubstantial differences between the patent and conduct of the alleged infringer, *e.g., Stumbo v. Eastman Outdoors, Inc.*, 508 F.3d 1358, 1364 (Fed. Cir. 2007); or 2) the infringing activity "performs substantially the same function in substantially the same way to obtain the same result." *E.g., Sanitary Refrigerator Co. v. Winters*, 280 U.S. 30, 42 (1929).

My finding of literal infringement implicitly encompasses a finding of infringement under the doctrine of equivalents. If, though, there is some error in my finding of literal infringement, then the doctrine of equivalents results in a the same result.

Any distinction between the pulverization accomplished through the Nowak patent and the size of the debris produced by Gleason's method is insubstantial. This is so, because the net result – material rendered fine enough that it can be washed away – is the same. The outcome is the same: destruction of existing pipe, elimination of surrounding subsurface material to increase the diameter of the bore and sliding of new pipe into the void.

Crucial to both methods is a backwards working reamer that produces debris that can be flushed away as the work progresses. The doctrine of equivalents dictates a finding of infringement, even if, contrary to the conclusion above, Nowak fails to show literal infringement.

Either route leads to the same endpoint: a ruling that Gleason's method infringes the '188 patent.

### 3. Willfulness

I conclude, however, that Nowak is not entitled to summary judgment on the issue of willfulness. The evidence presently of record conflicts as to whether Gleason knew of the patented method before the two projects.

To be sure, Nowak has presented evidence which, if credited by the jury, would support a finding of prior knowledge and deliberate refusal to heed that knowledge. But a Christopher Lamb, a former Gleason employee, has submitted an affidavit stating that he did not receive a the materials Nowak claims it sent to him and Gleason.

This creates a genuine dispute of material fact as to Gleason's knowledge of the Nowak patent. I conclude, accordingly, that the issue of willfulness remains for the jury, even if the question of infringement does not.

### Conclusion

For the foregoing reasons, it is

ORDERED THAT:

1. The plaintiff Nowak Pipe Reaming, Inc.'s motion for summary judgment [Doc. 31] be, and the same hereby is granted as to the issue of infringement and denied as to the issue of willfulness; and

2. The defendant Gleason Construction Co., Inc.'s motion for summary judgment [Doc. 34] be, and the same hereby is denied.

3. A scheduling conference is set for October 14, 2008 at 12:30 p.m.

So ordered.

<u>s/James G. Carr</u>
James G. Carr
Chief Judge